```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------- X

 YAKISHA DESSERIT BLACK, L.S.,

            Plaintiff,

       - against -                    MEMORANDUM & ORDER
                                      21-CV-2563(EK)(LB)
NEW YORK CITY ADMINISTRATION
FOR CHILDREN'S SERVICES; THE
CHILDREN'S VILLAGE; DAVID A.
HANSELL; SHARI SHILLINGFORD,


            Defendants.
-------------------------------- X
ERIC KOMITEE, United States District Judge:
```

Yakisha Desserit Black filed this *pro se* civil rights action against New York City's Administration for Children's Services ("ACS"), the Children's Village, David A. Hansell, and Shari Shillingford.  The Court has reviewed the complaint and concluded that it does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff is directed to file an amended complaint within thirty days from the date of this Order.

## I.  Background

Plaintiff alleges that after she "assist[ed] a family member with an existing legal battle" against ACS, the agency began to harass her.  On three occasions in April and May, she alleges, ACS contacted Black, her relatives and neighbors and asked to speak with Plaintiff and her children.  Plaintiff

states that ACS is "corrupt" and that their "scare tactics are designed" to cause her "to submit to their jurisdiction."  She seeks millions of dollars in damages and requests that her "name and family names be removed from their system."

Plaintiff's suit is brought pursuant to 42 U.S.C. § 1983.  Section 1983 actions require a plaintiff to allege a deprivation of a constitutional right by a person acting under the color of state law.  It is unclear from Plaintiff's complaint, however, what constitutional violation she claims.

Plaintiff filed her complaint on a form document provided by the Clerk's Office for civil rights actions.  The form asks: "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" In response, Plaintiff cited "Article III Section 2" of the Constitution; two criminal statutes, 18 U.S.C. § 241 (conspiracy against rights) and § 242 (deprivation of rights under color of law); the Freedom of Information Act, 5 U.S.C. § 552(a); and 17 U.S.C. § 501 (infringement of copyright), for the "use" of her "trademark property."  She also wrote that defendants have "attempted to force . . . upon [her] family" the Child Protective Service Act of 1973 and the New York Social Services Law § 384-b, related to parental rights proceedings and reporting suspected cases of child abuse.

## II. Discussion

### A. Notice Pleading under Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 reflects "'liberal pleading standards,' requiring plaintiffs simply to 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Id.* (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). While courts "construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

When a complaint does not comply with these requirements, "the court has the power, on its own initiative . . . to dismiss the complaint," even if, as here, a *pro se* plaintiff has paid the filing fee. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal is "usually reserved," however, "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* at 42.

Black's pleading does not satisfy Rule 8. Although she seeks to assert a Section 1983 claim, she does not plead factual

content sufficient to show a constitutional violation.  All she alleges is that she "assist[ed] a family member with an existing legal battle" against ACS, and that in retaliation, ACS reached out to her on three recent occasions.  None of the federal statutes listed on the form complaint appear relevant to the alleged violation of her civil rights.  The complaint also makes no specific allegations at all regarding the conduct of defendants Children's Village, David A. Hansell, or Shari Shillingford.  The complaint therefore fails to comply with Rule 8 because it does not provide Defendants with fair notice of the nature of the claims against them.

**B.     Other Federal Statutes Cited**

It is not clear whether Plaintiff is seeking to bring separate causes of action under the other federal statutes (apart from Section 1983) cited in the complaint.  If so, these claims must be dismissed as "frivolous" because they have "no arguable basis in law or fact."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).  Violations of the criminal code, including 18 U.S.C. §§ 241 and 242, provide no private civil cause of action.  *E.g., Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006).  Plaintiff also pleads no facts relevant to the Freedom of Information Act or the copyright statute.  To the extent Plaintiff sought to assert claims under these laws, they are dismissed as well.  *Id.*

4

**C.**     **Leave to Amend**

The Court grants Plaintiff thirty days to file an amended complaint that is consistent with this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that an amended complaint replaces the original complaint in its entirety; therefore, it must include all claims and factual allegations against all defendants against whom Plaintiff wishes to proceed.

Should Plaintiff file an amended complaint, she must satisfy the requirements of Fed. R. Civ. P. 8 by providing the defendants with notice of the claim(s) against them, and a short, plain statement of the allegations on which these claims are based, sufficient to show that Plaintiff is entitled to relief. To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide another "Complaint for Violation of Civil Rights" form to Plaintiff.

### III. Conclusion

The Complaint is dismissed for the foregoing reasons. Plaintiff is granted thirty days to amend her complaint. The Clerk of Court is directed to provide another "Complaint for Violation of Civil Rights" form to Plaintiff.

In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


        SO ORDERED.


                                    /s Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge


Dated:     July 13, 2021
           Brooklyn, New York